IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>　　　　Debtors.<br><br>———————————————————<br><br>DAN R. CHILDERS, in his sole capacity as Liquidation Trustee,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AGILITI SURGICAL EQUIPMENT REPAIR, INC.,<br><br>　　　　Defendant. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br><br><br>Adversary Case No. _____<br><br>**COMPLAINT TO AVOID PREFERENCE** |

COMES NOW Dan R. Childers, in his sole capacity as Liquidating Trustee ("Trustee" or "Plaintiff"), by and through his counsel, and in support of this Complaint respectfully states:

I. <u>JURISDICTION, PARTIES, AND VENUE</u>

1. On August 7, 2023, Mercy Hospital *et al.* ("Debtors") filed a voluntary Chapter 11 Petition in this Court, and a Bankruptcy Case was thereupon commenced.

2. Eventually, this Court confirmed a Plan filed by the Debtors.

3. As part of the Plan confirmed by this Court, a Liquidation Trust was created.

4. The Plaintiff is the Trustee of the Liquidation Trust.

5. The Defendant is Agiliti Surgical Equipment Repair, Inc., a corporation organized under the laws of the State of Delaware ("Defendant").

6. This Court has subject matter jurisdiction of this Complaint by operation of 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 105, 541, 547, 550, and 551. This Court's subject matter jurisdiction is further augmented by a General Reference Order issued by the United States District Court.

7. Venue of this Complaint is proper in this Court by operation of 28 U.S.C. §1409.

8. This is a core proceeding by operation of 28 U.S.C. §157(b)(2)(A), (F), and (O). To the extent, if at all, this Complaint does not involve a core proceeding, the Plaintiff consents to the entry of final judgment and a rendition of legal conclusions by this Court.

## II. FACTS

9. The Debtors during the period between May 9, 2023 and August 7, 2023 owed money to the Defendant. The money so owed constituted antecedent debts due the Defendant from the Debtors.

10. During the period between May 9, 2023 and August 7, 2023, the Debtors paid moneys to the Defendant, toward at least partial if not complete satisfaction of the moneys due the Defendant from the Debtors. Specifically, the Debtors paid a total sum of $56,430.19 to the Defendant.

11. The money used by the Debtors to pay the Defendant were property of Mercy Hospital *et al.*

12. The aforementioned payments enabled the Defendant to receive more than what the Defendant would have received had the payments not been made and had the

Defendant participated as a creditor in this Bankruptcy Case. Specifically, the Trustee anticipates any eventual dividend to the various unsecured creditors in this Case will not anywhere approach 100%, and so if the Defendant had not received the aforementioned payments and had the Defendant then participated as a general unsecured non-priority creditor in this Case, the Defendant would not receive anywhere close to what the Defendant in fact had received via the aforementioned payments. Indeed, the Debtors via their court-approved Disclosure Statement projected recovery of no more than 10% for the general unsecured non-priority claims. *See, e.g.*, Disclosure Statement, Dkt #927, Exh. A.

13. The payments occurred while the Debtors were at least presumed to be insolvent and, upon information and belief, the Debtors were in fact actually insolvent during the period May 9, 2023 and August 7, 2023. Specifically, the Debtors during the period May 9, 2023 and August 7, 2023 had much more liabilities than assets, as exemplified by the fact that the Debtors owed certain Bond-Holders close to $63,000,000, and the Bond Holders held a lien in virtually (but not all) assets of the Debtors. The assets of the Debtors (including items pledged to the Bond Holders and not pledged to the Bond Holders) were worth nowhere close to $60,000,000. Indeed, eventually the assets pledged to the Bond Holders were upon approval from this Court sold for approximately $28,000,000. As such, the Debtors were and have been and are insolvent, in that the Debtors' liabilities far exceeded the fair market value or liquidation value of all their assets.

14. Before the filing of this Complaint, the Trustee has exerted reasonable diligence in considering potential defenses that may be asserted by the Defendant, and the Trustee has concluded whatever (if any) defenses that might be available to the Defendant

are not applicable or will not reduce the Defendant's exposure to $0, all in compliance with the requirement imposed on the Trustee pursuant to 11 U.S.C. §547(b).

### III. PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully prays this this Court on such notice and hearing as it may direct, enter and enroll an Order granting the Plaintiff the following relief:

A.  Directing the Defendant to account for any and all moneys or property received by it or transferred to it from the Debtors, during the period May 9, 2023 through and including August 7, 2023;

B.  Decreeing any and all such transfers or payments void, pursuant to 11 U.S.C. §547;

C.  Pursuant to election from the Trustee, either directing the Defendant to return to the Trustee any and all payments or transfers, or entering Judgment in favor of the Trustee and against the Defendant in such an amount that will compensate the Trustee and the Bankruptcy Estate, together with costs and interests, pursuant to 11 U.S.C. §§550 and 551;

D.  Disallowing any and all Proofs of Claim filed by the Defendant; and,

E.  Such other relief as may be just and proper under the premises.

*/s/ Abbe M. Stensland*
Abbe M. Stensland, AT0008831
SHUTTLEWORTH & INGERSOLL, P.L.C.
235 6th Street SE
Cedar Rapids, IA 52401
Tel: 319-365-9461; Fax: 319-365-8443
ams@shuttleworthlaw.com
ATTORNEYS FOR PLAINTIFF TRUSTEE